IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.  : | |
| : | Case No. 3:17-CR-30-(CAR)-3 |
| CASEY WATTS,  : | |
| : | |
| Defendant.  : | |
| _____  : | |

**ORDER ON DEFENDANT'S MOTION FOR RECCOMENDATION**

Before the Court is Defendant's Motion for Recommendation to the Bureau of Prisons (BOP) for Pre-Release Custody [Doc. 179]. In the Motion, Defendant requests that the Court recommend to the BOP he be allowed to serve one year in pre-release custody in the Residential Reentry Center or one year of home confinement per the terms of the Second Chance Act. The Court declines to give such a recommendation at this time.

In executing a sentence of confinement, the federal BOP has the statutory authority to "designate the place of the prisoner's imprisonment," and "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau."[1] Such correctional facilities may include a community correctional facility, or "halfway house." The BOP is required, "to the extent practicable" to ensure

---

[1] 18 U.S.C. § 3621(b).

1

   that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.[2]

The designation of a community correctional facility or halfway house for purposes of reentry is thus entrusted by law to the discretion of the BOP.

  The Bureau's designation of the place of confinement is guided by a number of considerations, including "any statement by the court that imposed the sentence – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate."[3] Any recommendation of the court, however, "shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person."[4]

  This Court has considered Defendant's request and declines to make a recommendation to the BOP regarding Defendant's pre-release placement in a Residential Reentry Center or a recommendation in favor of a term of home confinement. The Court takes no position as to Defendant's designation of confinement and leaves such designation to the experience and discretion of the BOP.

  Accordingly, the Petitioner's Motion [Doc. 179] is **DENIED**.

---

[2] 18 U.S.C. § 3624(c)(1).
[3] 18 U.S.C. § 3621(b)(4).
[4] 18 U.S.C. § 3621(b).

**SO ORDERED**, this 9th day of September, 2021.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
